NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALID MAJDUB,<br><br>           Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>           Respondent. | No.   18-71946<br><br>Agency No. A078-072-869<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 5, 2019[**]

Before:    FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Walid Majdub, a native and citizen of Israel, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his untimely motion to

reopen removal proceedings to apply for asylum and related relief.  We have

jurisdiction under 8 U.S.C. § 1252.  We review the denial of the motion to reopen

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for an abuse of discretion. *See Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). We deny the petition for review.

The BIA did not abuse its discretion in denying Majdub's motion to reopen as untimely because he did not file it within 90 days of the final administrative removal order. *See id*. (citing 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2)).

Because Majdub failed to establish materially changed country conditions or circumstances as to his claim based on violence by Muslim extremists in Israel, the BIA did not abuse its discretion in finding that Majdub did not qualify for an exception to the 90-day deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Agonafer*, 859 F.3d at 1204 (holding that petitioner must produce evidence of changed country conditions, show that the evidence is material, show that the evidence was not available and would not have been discovered or presented at the previous hearing, and demonstrate that the new evidence, together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought); *cf. Salim v. Lynch*, 831 F.3d 1133, 1138 (9th Cir. 2016) (holding that "changed country conditions can become material due to changes in a petitioner's personal circumstances"). Contrary to Majdub's contention, the BIA did not require a showing of a new conflict, and the BIA did not abuse its discretion in finding that the evidence submitted by Majdub, including his declaration and a letter from his

brother, was insufficient to show a material change in conditions or circumstances. *See Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (petitioner failed to show evidence was "qualitatively different" to warrant reopening). The BIA also did not abuse its discretion in concluding that Majdub failed to establish changed country conditions regarding the conflict between Palestinians, and the Israeli security forces and Jewish groups. *See Agonafer*, 859 F.3d at 1204 (requiring a showing that circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim now does).

The BIA also did not abuse its discretion in finding that Majdub's evidence failed to establish prima facie eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. *See Salim*, 831 F.3d at 1139 (holding that evidence must reveal a reasonable likelihood that the requirements for relief have been satisfied).

We do not consider the evidence cited in Majdub's opening brief that is not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (our review is limited to the administrative record).

**PETITION FOR REVIEW DENIED.**